**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Valerie Green, Appellant,

v.

The Estate of Jake Green a/k/a Jacob Green, Margaret Wilder (deceased), Mary Harrell a/k/a Mary Cromedy (deceased), Henry Green (deceased), Thomas Henry Green (deceased), Ethel Bengall, Rebecca Alls (deceased), Rena Mae Green-Calvin, Barbara Green, Linda Cromedy, Walter Harrell, Laverna Green, Kathleen Pinkston, Robert Kinloch, Oliver Alls, Jackie Alls, Norman Alls , Isaac Alls (deceased), Isaac Alls, Jr., Evelyn Alls Terry, Patricia Spratton, Hazel Owens, Suzette Ford, Linda Beauford, Lanny Venning, Thomas Wilder (deceased), Thomas Wilder, Jr., Savona Green, Terrance Green, Nathaniel Green, Henry Green, Jr., Marcella Brown, Valerie Green, John Doe and Mary Roe, fictitious names used to designate persons in the military service within the meaning of Title 50, United States Code, commonly referred to as the Service Members Civil Relief Act of 2003 as amended, if any, and the unknown heirs at law, devisees, widows, widowers, executors, personal representatives, successors and assigns firms or corporations of the Estate of Jake Green and any of the defendants who may be deceased, and all other persons claiming any right, title, estate, interest in or lien upon the real estate described in the complaint of in the complaint or any part thereof, Defendants,

Of whom The Estate of Jake Green a/k/a Jacob Green, Margaret Wilder (deceased), Mary Harrell a/k/a Mary

Cromedy (deceased), Henry Green (deceased), Thomas Henry Green (deceased), Ethel Bengall, Rebecca Alls (deceased), Rena Mae Green-Calvin, Barbara Green, Linda Cromedy, Walter Harrell, Laverna Green, Kathleen Pinkston, Robert Kinloch, Oliver Alls, Jackie Alls, Norman Alls, Isaac Alls (deceased), Isaac Alls, Jr., Evelyn Alls Terry, Patricia Spratton, Hazel Owens, Suzette Ford, Linda Beauford, Lanny Venning, Thomas Wilder (deceased), Thomas Wilder, Jr., Savona Green, Terrance Green, Nathaniel Green, Henry Green, Jr., and Marcella Brown are Respondents.

Appellate Case No. 2018-000438

―――――――――

Appeal From Berkeley County
Dale Edward Van Slambrook, Master-in-Equity

―――――――――

Unpublished Opinion No. 2020-UP-208
Submitted June 1, 2020 – Filed July 1, 2020

―――――――――

**AFFIRMED**

―――――――――

Willie Bruce Heyward, of Heirs Property Law Center, LLC, of Charleston, for Appellant.

David M. Low, of Low Law Firm, of Mount Pleasant, for Respondents.

―――――――――

**PER CURIAM:** Valerie Green (Valerie) appeals the master-in-equity's order that quieted title to two pieces of real property (collectively, the Property) in Berkeley County and found that Henry Green, Jr., Valerie's father (Father), had three children—Valerie, Nathaniel Collins (Collins), and Martha Greer (Greer)—who

were entitled to a percentage of the Property. On appeal, Valerie argues the master failed to properly evaluate the testimonies at trial. We affirm.[1]

Initially, we note this court's standard of review is de novo because this was a quiet title action and the action was based in equity. *See Major v. Penn Cmty. Servs., Inc.*, 395 S.C. 175, 180, 717 S.E.2d 70, 72 (Ct. App. 2011) ("Generally, an action to quiet title is one in equity."); *Freeman v. Freeman*, 323 S.C. 95, 98, 473 S.E.2d 467, 469 (Ct. App. 1996) ("Therefore, this court may view the evidence to determine facts in accordance with its own view of the preponderance of the evidence, though we are not required to disregard the findings of the master."); *id.* ("Nor are we required to ignore the fact that the master, who saw and heard the witnesses, is in a better position to evaluate their credibility.").

Under our de novo review, we find clear and convincing proof supports the master's determination that Father had three children—Valerie, Collins, and Greer. *See* S.C. Code Ann. § 62-2-109(2)(ii) (2009) ("If, for purposes of intestate succession, a relationship of parent and child must be established to determine succession by, through, or from a person . . . . In cases not covered by [adoptions], a person born out of wedlock is a child of the mother. That person is also a child of the father if: . . . the paternity is established by an adjudication commenced before the death of the father or within the later of eight months after the death of the father or six months after the initial appointment of a personal representative of his estate and, if after his death, by clear and convincing proof . . . ."). At trial, the master took testimony from four witnesses and admitted several exhibits without objection.[2] Collins testified he learned from several family members, including Father's mother, that Father was his father, and he stated he visited Father and introduced his family to Father. Furthermore, Collins described a pamphlet from the funeral that was admitted at trial, listing him, Valerie, and Greer as Father's children, and he also stated a newspaper listed him as one of Father's children. Likewise, Greer testified Father was her father, and she explained she knew that because her mother, grandmother, and Father told her so. Greer further testified Father wrote her letters, sent her "things," and interacted with her children. Greer also identified a biography the funeral home generated and stated it listed her, Valerie, and Collins as Father's children, and she identified the Charleston County Paper that stated the same. Moreover, Greer and Collins stated they signed Father's insurance documents at Valerie's direction. Additionally, Greer's maternal aunt testified Father was Greer and Collins's father. We acknowledge Collins and

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] These exhibits have not been included in the record on appeal.

Greer testified their birth certificates did not list Father as their father, and their relationships with Father were not the strongest. However, even Valerie acknowledged she had "heard" about Collins and Greer before. She explained individuals specifically pointed Collins out to her as her brother twenty years prior, and she "heard [she] had a sister." Based on the testimony from trial, we find clear and convincing proof supports the master's determination. Accordingly, we affirm.

**AFFIRMED.**

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**